# Exhibit D

LEXSEE 2004 U.S. DIST. LEXIS 27043

IN RE: THE GOODYEAR TIRE & RUBBER COMPANY SECURITIES LITIGATION

CASE NO. 5:03CV2166

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

2004 U.S. Dist. LEXIS 27043

May 12, 2004, Decided

**DISPOSITION:** [*1] Capital Invest's motion for appointment as lead plaintiff granted. Capital Invest's request to appoint law firm of Bernstein Litowitz as lead counsel and law firm of Climaco Lefkowitz as liaison counsel granted.

LexisNexis(R) Headnotes

**COUNSEL:** For Halpert Enterprises, Plaintiff: Daniel P. Goetz, R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH; Jack Landskroner, Landskroner Grieco Madden, Cleveland, OH; Jonah H. Goldstein, Stephanie Schroder, Tor Gronborg, Lerach Coughlin Stoia & Robbins, San Diego, CA; Ramzi Abadou, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA.

For Capital Invest (Lead Plaintiff and Movant in case # 5:03cv2168, 5:03cv2176, 5:03cv2188, 5:03cv2192, 5:03cv2203, 5:03cv2210, 5:03cv2227, 5:03cv2233, 5:03cv2285, 5:03cv2286, 5:03cv2287, 1:03cv2294, 5:03cv2297, 5:03cv2298, 5:03cv2299, 1:03cv2344, 5:03cv2443, 5:03cv244, Plaintiff: Daniel L. Berger, Gerald H. Silk, Javier Bleichmar, Bernstein Litowitz Berger & Grossmann, New York, NY; Scott D. Simpkins, Climaco Lefkowitz Peca Wilcox & Garofoli, Cleveland, OH.

For Judy Heacock On behalf of Herself and All Others Similarly Situated (Plaintiff in case # 5:03cv2168), Plaintiff: David R. Scott, [*2] Scott & Scott, Colchester, CT; Kirk A. Migdal, Akron, OH; R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH.

For John Crowley Individually and on behalf of all others similarly situated (Plaintiff in case # 5:03cv2176), Plaintiff: Jeffrey T. Witschey, Witschey & Witschey, Akron, OH; R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH; David A. Rosenfeld, Melville, NY; Marc C. Gardy, Abbey Gardy LLP, New York, NY; Mark A. Topaz, Schiffrin & Barroway, LLP, Radnor, PA; Richard A. Maniskas, Bala Cynwyd, PA; Samuel H. Rudman, Milberg Weiss Bershad Hynes & Lerach, New York, NY.

For Mayer Horwitz On behalf of himself and all others similarly situated (Plaintiff in case 5:03cv2188), Plaintiff: David R. Scott, Neil Rothstein, Scott & Scott, Colchester, CT; Deborah R. Gross, Law Office Bernard M. Gross P.C., Philadelphia, PA; Kirk A. Migdal, Akron, OH; Andrei V. Rado, Peter E. Seidman, Steven G. Schulman, Milberg Weiss Bershad Hynes & Lerach, New York, NY.

For Sidney Horn Trustee for, Individually and on Behalf of all Others Similarly Situated (Plaintiff in case # 5:03cv2192) other Jessica Winston Trust, Plaintiff: Daniel R. Karon, Weinstein Kitchenoff Scarlato Karon [*3] Goldman, Cleveland, OH.

For Herminia Castro (Plaintiff in case # 5:03cv2203), Plaintiff: Byron S. Krantz, Kohrman, Jackson & Krantz, Cleveland, OH.

For Marco Marnach On behalf of himself and all other similarly situated (Plaintiff in Case # 5:03cv2210), Plaintiff: David R. Scott, Neil Rothstein, Scott & Scott, Colchester, CT; Edmund W. Searby, Scott & Scott, Chagrin Falls, OH; James M. McHugh, Lee E. Plakas,

Tzangas, Plakas, Mannos & Recupero, Canton, OH; Kirk A. Migdal, Akron, OH.

For Topaz Realty Corp. on behalf of itself and all others similarly situated (Plaintiff in case # 5:03cv2227), Plaintiff: Dennis E. Murray, Jr., Murray & Murray, Sandusky, OH; Eric J. Belfi, Murray, Frank & Sailer, New York, NY.

For Tom Lubischer on behalf of himself and all others similarly situated (Plaintiff in case # 5:03cv2233), Plaintiff: Jack Landskroner, Landskroner Grieco Madden, Cleveland, OH; Jonah H. Goldstein, Stephanie Schroder, Tor Gronborg, Lerach Coughlin Stoia & Robbins, San Diego, CA; Ramzi Abadou, Darren J. Robbins, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA; Jeffrey S. Nobel, Nancy A. Kulesa, Schatz & Nobel, Hartford, CT; Patrick J. Coughlin, Milberg, Weiss, [*4] Bershad, Hynes & Lerach, San Francisco, CA; William S. Lerach, Lerach Coughlin Stoia & Robbins, San Diego, CA.

For Jamil Kahn individually and on behalf of all others similarly situated (Plaintiff in case 5:03cv2285), Plaintiff: Daniel P. Goetz, R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH; Lauren S. Antonino, Martin D. Chitwood, Chitwood & Harley, Atlanta, GA; Richard S. Wayne, William K. Flynn, Strauss & Troy, Cincinnati, OH.

For Janice Batchelder on behalf of herself and all other similarly situated (Plaintiff in case # 5:03cv2286), Plaintiff: Daniel P. Goetz, R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH; Christopher S. Hinton, Gregory M. Nespole, Wolf, Haldenstein, Adler, Freeman & Herz, New York, NY; Marc S. Henzel, Bala Cynwyd, PA.

For Chaim Cohen on behalf of himself and all others similarly situated (Plaintiff in case # 5:03cv2287), Plaintiff: Daniel P. Goetz, R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH; Joshua M. Lifshitz, Bull & Lifshitz, New York, NY; Peter D. Bull, Bull & Lifshitz, LLP, New York, NY.

For Michael J. Gomlak on behalf of himself and all others similarly situated (Plaintiff in case # 1:03cv2294), Henry [*5] T. Hettger on behalf of himself and all others similarly situated (Plaintiff in case # 1:03cv2294), Plaintiffs: Timothy L. McGarry, Nicola, Gudbranson & Cooper, LLC, Cleveland, OH, U.S.A; Charles J. Piven, Law Office of Charles J. Piven, Baltimore, MD; Jeffrey M. Norton, Wechsler Harwood, New York, NY; Robert I. Harwood, Wechsler, Harwood, Halebian & Feffer, New York, NY.

For Joseph Hauser Individually and on behalf of others similarly situated (Plaintiff in case 5:03cv2297), Plaintiff: Jeffrey T. Witschey, Witschey & Witschey, Akron, OH; Brian M. Felgoise, Jenkintown, PA; Evan J. Smith, Brodsky & Smith, Bala Cynwyd, PA.

For Raj M. Shah On behalf of others similarly situated and as custodian of account and parent and natural guardian (Plaintiff in case # 5:03cv2298) other Anuj R. Shah, Plaintiff: Jeffrey T. Witschey, Witschey & Witschey, Akron, OH; Gregory J. Myers, Karen Hanson Riebel, Minneapolis, MN; Richard Lockridge, Lockridge, Grindal & Nauen, Minneapolis, MN.

For Robert W. Baird & Company, Inc. TTEE On behalf of itself and others similarly situated, For Benefit of (Plaintiff in case # 5:03cv2299) other Vincent K. Luke IRA, Plaintiff: Jeffrey T. Witschey, Witschey [*6] & Witschey, Akron, OH; Aaron L. Brody, Jules Brody, Tzivia Brody, Stull, Stull & Brody, New York, NY; Jack I. Zwick, Weiss & Yourman, New York, NY; Joseph H. Weiss, Weiss & Lurie, New York, NY.

For Rafael Yanushevsky (Plaintiff in case # 1:03cv2344), Plaintiff: Daniel R. Karon, Weinstein Kitchenoff Scarlato Karon Goldman, Cleveland, OH; Andrew D. Abramowitz, Robert M. Roseman, Spector, Roseman & Kodroff, Philadelphia, PA; Carol V. Gilden, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, Chicago, IL.

For Sammy Haddad on behalf of himself and all other similarly situated (Plaintiff in case # 5:03cv2443), Plaintiff: David R. Scott, Neil Rothstein, Scott & Scott, Colchester, CT; Kirk A. Migdal, Akron, OH; Lee Plaskas, Tzangus, Plaskas, Mannos & Recupero, Akron, OH.

For John A. Lombardo individually and on behalf of all others similarly situated (Plaintiff in case # 5:03cv2447), Plaintiff: Daniel P. Goetz, R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH; Mel E. Lifshitz, Bernstein Liebhard & Lifshitz, New York, NY; Richard S. Wayne, William K. Flynn, Strauss & Troy, Cincinnati, OH.

For M.D. Joseph Fisher (Plaintiff in case # 5:03cv2592), Plaintiff: Daniel [*7] R. Karon, Weinstein Kitchenoff Scarlato Karon Goldman, Cleveland, OH; Ann D. White, Jayne A. Goldstein, Mager White & Goldstein, Jenkintown, PA.

For Richard Berman, Plaintiff: R. Eric Kennedy, Weisman, Kennedy & Berris, Cleveland, OH.

For The Goodyear Tire & Rubber Company (Defendant in case # 5:03cv2168, 5:03cv2176, 5:03cv2188, 5:03cv2192, 5:03cv2203, 5:03cv2210, 5:03cv2227, 5:03cv2233, 5:03cv2285, 5:03cv2286, 5:03cv2287, 1:03cv2294, 5:03cv2297, 5:03cv2298, 5:03cv2299, 1:03cv2344, 5:03cv2443, 5:03cv2447, 5:03cv2592), Defendant: Jack Morrison, Jr., Thomas R. Houlihan, Amer Cunningham, Akron, OH; Jacob B. Radcliff, Jerome S. Hirsch, Jonathan Lerner, Lauren E. Aguiar, Skadden, Arps, Slate, Meagher & Flom, New York, NY; John T. Billick, Duvin, Cahn & Hutton, Cleveland, OH; John T. Scanlon, Scanlon & Gearinger, Akron, OH.

For Robert J. Keegan, (Defendant in case # 5:03cv2168, 5:03cv2176, 5:03cv2188, 5:03cv2192, 5:03cv2203, 5:03cv2210, 5:03cv2227, 5:03cv2233, 5:03cv2285, 5:03cv2286, 5:03cv2287, 1:03cv2294, 5:03cv2297, 5:03cv2298, 5:03cv2299, 1:03cv2344, 5:03cv2443, 5:03cv2447, 5:03cv2592), Robert W. Tieken (Defendant in case # 5:03cv2168, 5:03cv2176, 5:03cv2188, 5:03cv2192, [*8] 5:03cv2203, 5:03cv2210, 5:03cv2227, 5:03cv2233, 5:03cv2285, 5:03cv2286, 5:03cv2287, 1:03cv2294, 5:03cv2297, 5:03cv2298, 5:03cv2299, 1:03cv2344, 5:03cv2443, 5:03cv2447, 5:03cv2592), John W. Richardson (Defendant in case # 5:03cv2176; 5:03cv2285; 5:03cv2286; 5:03cv2297; 5:03cv2298; 1:03cv2344), Richard J. Kramer (Defendant in Case # 5:03cv2176; 5:03cv2285; 5:03cv2286; 5:03cv2297; 5:03cv2298; 1:03cv2344), Defendants: Jack Morrison, Jr., Neil Rothstein, Amer Cunningham, Akron, OH; L. Clifford Craig, W. Stuart Dornette, Taft, Stettinius & Hollister, Cincinnati, OH.

For Samir G. Gibara (Defendant in case 5:03cv2168, 5:03cv2176, 5:03cv2188, 5:03cv2203, 5:03cv2285, 5:03cv2386, 5:03cv2287; 1:03cv2294; 5:03cv2297; 5:03cv2298; 1:03cv2344; 5:03cv2443), Stephanie W. Bergeron (Defendant in case # 5:03cv2168; 5:03cv2176; 5:03cv2188; 5:03cv2285; 5:03cv2286; 5:03cv2287; 1:03cv2294; 5:03cv2297; 5:03cv2298; 1:03cv2344; 5:03cv2443), Defendants: Jack Morrison, Jr., Neil Rothstein, Amer Cunningham, Akron, OH; Jerome S. Hirsch, Skadden, Arps, Slate, Meagher & Flom, New York, NY; Jonathan Lerner, Skadden, Arps, Slate, Meagher & Flom, New York, NY; John T. Billick, Duvin, Cahn & Hutton, Cleveland, OH; [*9] L. Clifford Craig, W. Stuart Dornette, Taft, Stettinius & Hollister, Cincinnati, OH.

For Alaska Electrical Pension Fund (Movant in case # 5:03cv2168, 5:03cv2176, 5:03cv2188, 5:03cv2192, 5:03cv2203, 5:03cv2210, 5:03cv2227, 5:03cv2233, 5:03cv2285, 5:03cv2286, 5:03cv2287, 1:03cv2294, 5:03cv2297, 5:03cv2298, 5:03cv2299, 1:03cv2344, 5:03cv2443, 5:03cv2447), Movant: Ramzi Abadou, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA; Tor Gronborg, Lerach Coughlin Stoia & Robbins, San Diego, CA; Jack Landskroner, Landskroner Grieco Madden, Cleveland, OH.

For Raymond Bergman, Movant: R. Eric Kennedy, Daniel P. Goetz, Weisman, Kennedy & Berris, Cleveland, OH.

For Flamina Holding A.G., Movant: David R. Scott, Neil Rothstein, Scott & Scott, Colchester, CT; Edmund W. Searby, Scott & Scott, Chagrin Falls, OH; James M. McHugh, Lee E. Plakas, Tzangas, Plakas, Mannos & Recupero, Canton, OH.

**JUDGES:** John R. Adams, U.S. District Judge.

**OPINIONBY:** John R. Adams

**OPINION:**

MEMORANDUM OPINION & ORDER

[Resolving Docs. 13, 16, 17 in case # 5:03CV2166 and Doc. 12 in case # 5:03CV2210]

### I. Introduction

The above-captioned case is an action for securities fraud brought on behalf of shareholders of The [*10] Goodyear Tire & Rubber Company (the "Shareholders") against Defendants The Goodyear Tire & Rubber Company (Goodyear), Robert J. Keegan, Robert W. Tieken, Samir G. Gibara, Stephanie W. Bergeron, John W. Richardson, and Richard J. Kramer, (collectively referred to as "Defendants"). The Shareholders base their claims on violations of *Section 10(b) of the Securities and Exchange Act of 1934, Section 20(a) of the Securities Exchange Act of 1934*, and *Rule 10b-5*, which was promulgated thereunder. The action was filed as a class action, excluding from the class Defendants, directors and officers of Goodyear, their families and affiliates.

On December 31, 2003, this Court entered an order consolidating all individual actions related to this matter. Shortly thereafter certain individual movants filed motions requesting appointment as lead plaintiff in the consolidated action. The first group of movants consists of the Alaska Electrical Pension Fund and the Central States, Southeast and Southwest Areas Pension Fund (the "Institutional Funds"). n1 The second group of movants consist of funds A57, C16 and NK1, which are part of the fund family managed by Capital Invest, die Kapitalanlagegesellschaft [*11] der Bank Austria Creditanstalt Gruppe GmbH, a fund management company located in Vienna, Austria (Capital Invest). n2

The last movant is Flamina Holdings, AG (Flamina Holdings.). n3 Flamina Holdings is a holding entity for two individual investors, Mr. Michael May and Ms. Christina May.

> n1 ECF Doc. 16.
>
> n2 ECF Doc. 17.
>
> n3 Flamina's motion was filed as ECF Doc. 12 in case 5:03CV2210.

On February 10, 2004, the Court held a hearing at which time counsel for each of the proposed lead plaintiffs had an opportunity to present their arguments. Counsel for the Institutional Funds, Capital Invest and Flamina were present at the hearing. n4 The Court has reviewed the parties' motions, responses, and replies thereto. It has also fully considered the arguments presented at the hearing.

> n4 The Court notes that a motion filed by movant Richard Berman is still pending on its docket. Mr. Berman was not represented by counsel at the hearing. Therefore, the Court deems his motion withdrawn. Even if the Court seriously considered Mr. Berman's motion, however, it would not appoint him as lead plaintiff in this action. By Mr. Berman's own admission, he has lost only $ 54,730, which is much less than the losses the other movants allegedly suffered. (Berman, Mot. for Lead Plf. at 9).

[*12]

## II. The Alleged Losses

The Institutional Funds request appointment as lead plaintiff based on their alleged loss of more than $ 3.7 million in connection with the purchase of over 188,000 shares of Goodyear securities between the time of October 13, 1998 and October 22, 2003 (the "Class Period"). The Institutional Funds also request approval of their selection of lead counsel, William S. Lerach and Tor Gronborg of Milberg, Weiss, Bershad, Hynes & Lerach LLP and Landskroner-Grieco, Ltd. as liaison counsel.

Likewise, Capital Invest requests appointment as lead plaintiff based on its loss of approximately $ 1.2 million in connection with its acquisition of 83,100 shares of Goodyear common stock during the class period. Capital Invest also requests approval of its selection of lead counsel the law firm of Bernstein, Litowitz, Berger & Grossman, LLP (Bernstein Litowitz) and the law firm Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., LPA (Climaco Lefkowitz) as liaison counsel.

Flamina Holdings requests appointment as lead plaintiff based on its alleged loss of $ 2 million in connection with its acquisition of common stock and options. Flamina Holdings also requests approval of [*13] its selection of lead counsel the law firm of Scott & Scott and the law firm Tzangas, Plakas, Mannos, & Recupero as liaison counsel. However, Flamina Holdings' stated losses are based on its losses plus the losses of Goodyear Tireworkers Independent Unity of the USWA Local 307 Topeka (GTWIU), who no longer seeks appointment as lead plaintiff. GTWIU was originally a co-movant with Flamina Holdings. However, it subsequently withdrew from the motion. n5 At the hearing on this matter, Flamina Holdings represented that its loss alone was only $ 885,000.

> n5 ECF Doc. 32, filed in case 5:03CV2166.

## III. Capital Invest is Appointed as Lead Plaintiff

The Private Securities Litigation Reform Act (PSLRA) sets forth the procedure that governs appointment of the lead plaintiff in actions arising under the *Securities and Exchange Act of 1934* when such an action is brought as a class action under the Federal Rules of Civil Procedure. See generally *15 U.S.C. § 78u-4(a)(1)* and *(a)(3)(B)(i)*. This [*14] procedure first requires that the plaintiff who files the initial action, within 20 days of filing, publish a notice to the class informing the class members of their right to file a motion for appointment as lead plaintiff. Id. at *§ 78u-4(a)(3)(A)(I)*. n6

> n6 Here, the first notice of pendency was published over The Business Wire on October 23, 2003. Consistent with the PSLRA, the notice advised potential class members of the pendency of the action, the claims asserted therein, the purported class period, and that any member may, within 60 days from the date of the notice, move the Court to serve as lead plaintiff in the action. Id. at *§ 78u-4(a)(3)(A)(I)*.

The PSLRA also provides that within 90 days after publication of notice, the district court shall consider the class members' motions and shall appoint as lead plaintiff the member or members of the class that the Court determines most capable of adequately

Case 1:05-cv-00317-GMS    Document 33-3    Filed 08/02/2005    Page 6 of 10

2004 U.S. Dist. LEXIS 27043, *    Page 5

representing the interests of the class members. n7 Id. at § 78u-4(a)(3)(B)(iii)(I). When making [*15] the determination of "most adequate plaintiff," the PSLRA states that:

> The court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the PSLRA] is the person or group of persons that -
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4 (a)(3)(B)(iii)(I)(aa)-(cc). The above presumption may only be rebutted by proof that the presumptive lead plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing to the class. Id. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). The lead plaintiff selected by the Court has the discretion to retain counsel of its choice to represent the class, subject to court approval. Id. § 78u-4(a)(3)(B)(v).

---

n7 The Court acknowledges that this Order designating lead Plaintiff was not issued within 90 days after publication of notice. However, the Court was not able to comply with the 90-day provision in this case. Based on the Court's trial schedule it was not able to hold the hearing before expiration of the 90-day period. Accordingly, the Court did not have the requisite information on which to base its decision. *In re PRI Automation, Inc. Secs. Litig.*, 145 F. Supp. 2d 138, 144-45 (D.Mass. 2001) (noting that compliance with the 90-day provision in some cases would require a district judge to make an uninformed decision and finding the 90-day provision to be an unconstitutional intrusion on judicial functions). Moreover, the Court needed time after the hearing to appropriately consider the parties' motions and focus on selecting the lead plaintiff and lead counsel best suited to adequately and fairly represent the interests of the plaintiff class in this case. See id.

[*16]

---

Here, all movants have timely filed their motions to be appointed lead plaintiff in this action. Accordingly, the Court now turns to its determination of the movants' relative financial interests in the relief sought by the class.

### IV. Largest Financial Interest

The PSLRA does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest." See id. 78u-4(a)(3)(B)(iii)(I)(bb). This Court will calculate financial interest employing a four-factor inquiry recognized by a host of other district courts. See, e.g., *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *In re Nice Sys., Ltd. Secs. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 375 n. 4 (E.D. Va. 2003); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945 (N.D. Ill. 2001). The four factors relevant to the calculation are: (1) the number of stock shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the [*17] approximate losses suffered during the class period. The Court separately addresses each movant's financial interest in light of these factors, subject to the caveat that this discussion is limited to resolving the lead plaintiff motions, and is not an ultimate determination of liability and damages.

#### A. Flamina Holdings

Under the foregoing analysis, Flamina Holdings has not demonstrated the most significant financial interest in this litigation. Flamina Holdings purchased and sold 65,000 shares of Goodyear stock during the Class Period, for a net purchase of zero shares. The company expended $ 1,550,000 and received $ 665,400, incurring a total loss of $ 884,600. The record thus indicates that, of the three movants for lead plaintiff, Flamina Holdings expended the least amount of funds and purchased the fewest (total) shares of Goodyear stock during the Class Period. As the Court discusses below, Flamina Holdings' $ 884,600 loss is not the greatest loss incurred by the movants. Accordingly, Flamina Holdings is not the best candidate for lead plaintiff.

Flamina Holdings' motion is denied on the additional ground that the movant is a holding company for two individual investors [*18] and thus is not an "institutional investor." The legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role. See *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 821 (N.D. Ohio 1999).

Flamina Holdings' alternative request for appointment as a co-lead plaintiff also is denied. A co-

lead plaintiff appointment is not warranted under the circumstances present in this case and likely would result in increased costs and duplication of efforts.

### B. The Institutional Funds

The Institutional Funds' motion also is denied on the ground that the Institutional Funds do not have the most significant financial interest in this litigation based on damages incurred from purchases and sales of Goodyear securities during the Class Period. Although the movants' respective representations of loss seem to indicate that the Institutional Funds suffered the greatest damages by a considerable margin, the Institutional Funds' claimed $ 3.7 million loss is illusory.

The Institutional Funds have calculated their purported $ 3.7 million loss based solely on a first-in-first-out (FIFO) methodology, ignoring the four-pronged inquiry [*19] set forth above. In this situation, FIFO grossly inflates the Institutional Funds' damages because the Institutional Funds are a "net seller" of Goodyear stock. The Institutional Funds sold 202,714 more Goodyear shares during the Class Period than they purchased, and received more profits from the sale of Goodyear stock during the Class Period than losses on the purchase of Goodyear securities.

Application of the four-factor test reveals FIFO's inaccuracy under the circumstances present here. The Institutional Funds purchased 188,675 shares of Goodyear stock during the Class Period and sold 391,389 shares for a net sale of 202,714 shares. A determination of net expenditures, or total monies received from sales ($ 12,910,959.72) of Goodyear stock less total funds expended on purchases ($ 5,299,423.81), verifies that the Institutional Funds received a total of $ 7,611,535.91 in net proceeds as a result of their high-volume Goodyear stock sales during the Class Period. The Institutional Funds may have benefitted from the alleged fraud in view of the fact that they earned millions of dollars on net sales of Goodyear stock during the Class Period. Accordingly, the Institutional [*20] Funds cannot establish the largest financial interest in the relief sought by the class.

Similarly, Central States and Alaska both are net sellers. Central States profited in the amount of $ 8,460,217.87 from its sales of Goodyear Stock during the Class Period. Although Alaska expended $ 848,681.96 more than it received, its loss is not even half as great as that claimed by Capital Invest. As such, the Court rejects the Institutional Funds' contention that they have incurred a greater financial interest in this litigation than any other lead plaintiff applicant. See Weisz v. Calpine Corp., No. C 02-1200 SBA, Slip. Op. At 12 (N.D. Cal. Aug. 19, 2002) (rejecting motion of lead plaintiff movant who was a net seller and, as a result, "may have actually profited, not suffered losses as a result of the allegedly artificially inflated stock price"); Comdisco, 150 F. Supp. at 945-46 (same). See also In re McKesson HBOC Sec. Litig., 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999) ("[a] net purchaser will, presumably, have a greater interest in the litigation, because he or she was induced by the fraud to purchase shares, and has been left 'holding the bag' [*21] when the fraudulent inflation is revealed.")

Even if the Court ignores the flaws inherent in the Institutional Funds' FIFO methodology, the Institutional Funds are not an acceptable lead plaintiff as they may be subject to unique defenses. Alaska sold all of its shares of Goodyear stock prior to the disclosure of the alleged fraud. Likewise, it appears that Central States sold the significant majority of its shares prior to the disclosure. Thus, both Alaska and Central States undoubtedly will face motions to dismiss and/or for judgment as a matter of law on the ground that certain losses suffered by them were not caused by the alleged fraud. See In re Cable & Wireless, 217 F.R.D. at 379 (stating that the lead plaintiff movant who sold its shares "before the fraud . . . was revealed to the public . . . could not have suffered any loss as result of the Defendants' alleged fraud"); In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 437 n. 23 (E.D. Va. 2000) (holding that a lead plaintiff movant who sold shares in the subject company prior to the disclosure of the fraud also may be subject to "unique defenses based on the timing of its loss"); [*22] Arduini/Mesina P'ship v. Nat'l Med. Fin. Servs. Corp., 74 F. Supp. 2d 352, 361-62 (S.D.N.Y. 1999) (granting the defendants' motion to dismiss the plaintiff's claims where plaintiff sold all of his shares in the subject company prior to disclosure of the fraud and could not demonstrate that his damages were caused by the defendants' fraudulent statements).

Moreover, the Institutional Funds' motion is denied in light of this Court's previous ruling that lead plaintiff movants must have a pre-existing relationship and basis for acting as a collective unit to qualify under the PSLRA as a viable lead plaintiff group. In re Telxon, 67 F. Supp. 2d at 823 (O'Malley, J.). At the February 10, 2004 hearing, counsel for the Institutional Funds admitted that Central States and Alaska have no relationship pre-dating this litigation and were joined solely for the purpose of prosecuting this case. As such, the Institutional Funds have improperly aggregated their losses for the purpose of their lead plaintiff motion.

### C. Capital Invest

Having denied the competing lead plaintiff applications, the Court now turns to Capital Invest's motion. Capital Invest [*23] has the most significant financial interest in this litigation. It purchased the most shares of Goodyear Stock during the Class Period and

sold no shares, for a net purchase of 83,100 shares, a net expenditure of $ 1,779,900.36, and a claimed loss of approximately $ 1,200,000. Thus, Capital Invest is the presumptive lead plaintiff subject to the requirements of *Rule 23* (discussed infra.)

Capital Invest's qualifications for lead plaintiff status are not susceptible to the Institutional Funds' challenges. The Court briefly examines said challenges below.

Contrary to the Institutional Funds' contention, Capital Invest possesses standing to assert securities fraud claims on behalf of the clients for whom it purchases and sells securities. A number of district courts have held that an investment manager has standing to bring securities claims on its clients' behalf if it is the clients' attorney-in-fact and has specific authority to recover its clients' investment losses. See, e.g., *Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 255 (S.D.N.Y. 2003)* (stating that "when the investment advisor is also the attorney-in-fact for its clients with unrestricted [*24] decision making authority, the investment advisor is considered the 'purchaser' under the federal securities laws with standing to sue in its own name"); *In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 299 (D. Del. 2003)* (same); *In re Rent-Way Sec. Litig., 218 F.R.D. 101, 106-09 (W.D. Pa. 2003)* (same); *EZRA Charitable Trust v. Rent-Way, Inc., 136 F. Supp. 2d 435 (W.D. Pa. 2001)* (same). Capital Invest's Declaration provides, "Capital Invest controls and manages the Funds and acts as attorney-in-fact for them. Capital Invest has full and complete authority to purchase and sell securities for each of the funds, and to institute legal action on their behalf." Based on the Declaration, the other evidence of record, and the caselaw cited above, Capital Invest has standing to bring suit and serve as lead plaintiff in this litigation.

The Institutional Funds' attempt to discredit Capital Invest on the ground that it is a non-domestic (Austrian) investment firm, and therefore an uncommitted and uncontrollable candidate for lead plaintiff, is insupportable. Capital Invest has testified in its Declaration and through its attorneys at the [*25] February 10, 2004 hearing that it has vast resources, that it is committed to working to obtain the best possible recovery for the plaintiff class, and that its representatives will be available in person to the Court. Further, the Institutional Funds' comment that Capital Invest is located almost 4500 miles from the Court lacks a measure of ingenuousness given that Alaska itself is located over 4000 miles away and has not provided the Court with any proof that it is willing to make its representatives available to the Court as necessary. Further, Austrians are, by treaty, expressly entitled to the same rights and privileges before United States courts as United States citizens. See Treaty between the United States of America and Austria of Friendship, Commerce and Consular Rights, June 19, 1928, U.S.-Aus., art. IX, 47 Stat. 1876, *1931 WL 29977* (U.S. Treaty). Even in the absence of a treaty, to exclude a foreign investor from lead plaintiff status on nationality grounds would defy the realities and complexities of today's increasingly global economy.

For all of the foregoing reasons, Capital Invest has the greatest financial interest in this case and is the presumptive [*26] lead plaintiff subject to the strictures and requirements of *Rule 23*. The Court now turns to its *Rule 23* analysis.

### V. Adequacy & Typicality Under *Rule 23(a)*

Having determined that Capital Invest is the largest stakeholder does not end this Court's analysis. The PSLRA requires that the lead plaintiff also satisfy the requirements of Federal *Rule 23*. n8 Here, the Court must find that Capital Invest would satisfy *Rule 23*'s typicality and adequacy requirements before it can appoint Capital Invest as lead plaintiff. n9 See *In re Century Business Services Sec. Litig., 202 F.R.D. 532, 539 (N.D. Ohio 2001)* (analyzing the typicality and adequacy requirements of *Rule 23* in a securities class action governed by the PSLRA); See also *In re Telxon, 67 F. Supp.2d at 807 n.10* (noting that class action analysis under *Rule 23* in securities actions hinges on the typicality and adequacy requirements of the rule). Based on the evidence before it, this Court finds that Capital Invest would satisfy the typicality and adequacy requirements of *Rule 23*.

n8 *Rule 23(a)* provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). [*27]

n9 Upon motion to certify this action as a class action, the Court will undertake the

"rigorous analysis" necessary for a determination of whether the complete prerequisites of Rule 23 are met. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982)). As the Sixth Circuit has noted, "[a] class is not maintainable as a class action by virtue of its designation as such in the pleadings." Id. Because, in this case, a consolidated complaint has not been filed, the Court will reserve the issue of whether a class will be certified for a later date.

Typicality is governed by *Rule 23(a)(3)*, which requires that the claims or defenses of the representative party be typical to the claims or defenses of the class. *FED. R. CIV.P. 23(a)(3)*. In other words, a sufficient relationship must exist between the injury to the named representative and the conduct affecting the class. *In re American Medical Sys. Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) [*28] (quoting 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3-13, at 3-76 (3d ed. 1992)). "Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." Id.

Capital Invest satisfies the typicality requirement. It seeks to represent a class of purchasers of Goodyear securities who have non-competing and non-conflicting interests. All class members purchased or acquired Goodyear stock during the Class Period and allegedly suffered a loss as the result of Defendants' conduct in connection therewith. As Capital Invest aptly notes, its claims deal with the same issues that pertain to the claims of the other class members. Namely, these issues are (1) whether Goodyear issued false and misleading statements during the Class period, (2) whether Defendants acted knowingly and/or with deliberate recklessness in issuing these allegedly false and misleading statements, (3) whether the market price of Goodyear stock was artificially inflated during the Class Period because of Defendants' allegedly wrongful conduct, and [*29] (4) whether the members of the class have sustained damages, and the amount of such damages. Because Capital Invest's claims deal with the same issues that pertain to the other class members, its interests are clearly aligned with those of the class. Id.

Adequacy is governed by *Rule 23(a)(4)*, which allows certification of a class only if the class representative will fairly and adequately protect the interest of the class. *FED. R. CIV. P. 23(a)(4)*. The Sixth Circuit has set forth two criteria for determining adequacy. First, the class representative must have common interests with those unnamed class members. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted). Second, it must appear that the class representative will vigorously prosecute the action with the assistance of qualified counsel. Id. According to the circuit, "the adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentive to pursue the claims of the other class members." Id.

Here, Capital Invest has common interests [*30] with the unnamed members of the class. Both Capital Invest and the other class members seek to recover their losses in connection with Defendants' alleged conduct. There is nothing to indicate that Capital Invest, as the class representative, would not vigorously prosecute the interests of the class. Clearly, Capital Invest has the need seek to recovery for its own losses. As such, there is no reason for this Court to find that Capital Invest would not just as vigorously prosecute and protect the interests of the class. As Capital Invest notes, there is no evidence before the Court of any antagonism between the interests of Capital Invest and the interests of the class members. Therefore, the Court sees no reason why Capital Invest cannot or would not vigorously prosecute the class members' claims.

There is also no evidence that the proposed lead counsel, Bernstein Litowitz, is not qualified counsel. In making this determination, the Court must consider whether the proposed counsel are qualified, experienced, and generally able to conduct the litigation. See *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). Having reviewed the resume of Bernstein Litowitz, [*31] proposed lead counsel in this action, the Court notes that the firm's litigation practice concentrates in the area of securities class actions. The firm also markets itself as "the nation's leading firm in representing institutional investors in securities fraud class action litigation." n10

n10 See Capital Invest, Mot. to Consolidate at Exh. D.

A review of the firm's resume reveals that it is qualified in securities class action lawsuits. Other courts have found this as well. See, e.g. *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (finding Bernstein Litowitz experienced in litigating class action lawsuits); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, No. CV01-00871LGB, 2001 WL 861694 at *4 (C.D. Cal. 2001) (unreported) (finding Bernstein Litowitz experienced in litigating complex securities actions after reviewing the firm's resume); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1052 (noting that "the firm resume of Bernstein Litowitz reveals [*32]

its competence to provide class representation in a securities class action."). In fact, the firm's literature boasts numerous statements from various district court judges across the country who have commented on the outstanding performance of Bernstein Litowitz in various actions where excellent results have been achieved for plaintiff class members. On the whole, there is nothing that would indicate to this Court that Bernstein Litowitz is anything but qualified, experienced, and generally able to conduct the litigation in this case.

**VI. Conclusion**

For the reasons stated above, Capital Invest's motion for appointment as lead plaintiff is granted. In keeping, its request appoint the law firm of Bernstein Litowitz as lead counsel and the law firm of Climaco Lefkowitz as liaison counsel is granted. All other pending motions are hereby denied.

IT IS SO ORDERED.

May 12, 2004
Date

John R. Adams

U.S. District Judge