

Seth D. Rigrodsky
Direct Dial: DE: 302-984-3201
            NY: 212-631-8679
srigrodsky@milbergweiss.com

September 7, 2005

**VIA HAND DELIVERY
AND ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 N. King Street
Lock Box 10
Wilmington, DE 19801

Re: **Drywall Acoustic Lathing and Insulation Local 675 Pension Fund v. Molson Coors Brewing Company, D. Del., C.A. No. 05-cv-00294-KAJ
Brent W. Klos v. Molson Coors Brewing Company, et al.,
D. Del., C.A. No. 05-cv-00317-KAJ
David Silver v. Molson Coors Brewing Company, et al.,
D. Del., C.A. No. 05-cv-00324-KAJ**

Dear Judge Jordan:

I write on behalf of class members Metzler Investment GmbH and Drywall Acoustic Lathing and Insulation Local 675 Pension Fund (collectively "Molson Coors Investors Group"), who are seeking appointment as Lead Plaintiff in the above-captioned securities fraud class actions. Specifically, I write to correct misstatements and omissions counsel for a competing group of plaintiffs included in their letter to the Court sent today. *See* attached Exhibit A. In that letter, counsel for the competing plaintiffs requested that the Court extend the hearing date on the pending lead plaintiff motions from October 5, 2005 to October 28, 2005.

Counsel for the competing plaintiffs failed to inform the Court that they made no effort to contact counsel for the Molson Coors Investors Group before calling the Court to seek an extension, which extension purportedly was based on a conflict with the Rosh Hashanah holiday. As they admit in their letter, counsel for the competing plaintiffs only notified counsel for the Molson Coors Investors Group after being told to do so by Your Honor's assistant. Similarly, counsel for the competing plaintiffs also failed to contact counsel for the Molson Coors Investors Group before filing their letter with the Court today.

**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza · New York, NY 10119-0165 · (212) 594-5300 · Fax: (212) 868-1229 · www.milbergweiss.com
NEW YORK   BOCA RATON   WILMINGTON   WASHINGTON, D.C.   LOS ANGELES

The Honorable Kent A. Jordan
September 7, 2005
Page 2

      Counsel for the competing plaintiffs represented to the Court that counsel for the Molson Coors Investors Group "are not willing to accede to the rescheduling." This is false and creates the impression that counsel for the Molson Coors Investors Group are acting in bad faith and without sensitivity to the religious holiday.

      In fact, counsel for the Molson Coors Investors Group requested that counsel for the competing plaintiffs contact them and inform them who specifically from the competing plaintiffs group was unavailable on October 5th. *See* attached Exhibit B. In response, counsel for the competing plaintiffs failed to identify which attorney(s) could not attend and strongly implied that they could appear on October 5th by stating: *"how do we know* which lawyers will be 'not impacted' by the holiday?" *See* attached Exhibit B (emphasis added). Since counsel did not know "who was impacted," their request for an extension based on the holiday makes no sense at all.

      Counsel for the competing plaintiffs group also misrepresented in their letter that "Defendants' counsel and all others who intend to participate have indicated that the October 28 date is satisfactory." As indicated in the attached Exhibit C, counsel for the defendants wrote "Defendants' counsel can attend *on either* October 5 or October 28." (Emphasis added.)

      In sum, the misrepresentations, omissions, and conduct of counsel for the competing plaintiffs indicate that the true purpose of the postponement they seek has nothing to do with a conflicting religious holiday, but rather a tactical ploy to garner some perceived advantage. It is noteworthy that, while the Court scheduled oral argument on the competing motions on August 26, 2005, counsel for the competing plaintiffs did not ask for an extension until on or about September 2, 2005 – a full week later. It seems the potential conflict with the Rosh Hashanah holiday would have been immediately apparent.

      Counsel for the Molson Coors Investors Group are highly sensitive to the Jewish holiday season, but, as set forth in Exhibit B, the competing firms have numerous attorneys who are more than capable of appearing in Court on October 5th. As set forth in the Molson Coors Investors Group's submission to the Court, the Group more than satisfies the requirements of the PSLRA in that it has a far greater economic injury and interest in the litigation. We respectfully urge the Court to retain the current schedule and hold a hearing on the competing motions on October 5th. Maintaining this schedule will serve the best interests of the Class by allowing the timely litigation of the merits of plaintiffs' claims.

      Respectfully,

Seth D. Rigrodsky / WITH PERMISSION BDL (#4347)

Seth D. Rigrodsky (# 3147)

SDR:et

cc:    All Counsel on attached service list.

**Milberg Weiss Bershad & Schulman LLP**