

**MILBERG WEISS**

Seth D. Rigrodsky
Direct Dial: DE: 302-984-3201
              NY: 212-631-8679
srigrodsky@milbergweiss.com

November 4, 2005

**VIA HAND DELIVERY
AND ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 N. King Street
Lock Box 10
Wilmington, DE 19801

Re:   ***Drywall Acoustic Lathing and Insulation Local 675 Pension Fund v.
      Molson Coors Brewing Company*, D. Del., C.A. No. 05-cv-00294-KAJ
      *Brent W. Klos v. Molson Coors Brewing Company, et al.*,
      D. Del., C.A. No. 05-cv-00317-KAJ
      *David Silver v. Molson Coors Brewing Company, et al.*,
      D. Del., C.A. No. 05-cv-00324-KAJ**

Dear Judge Jordan:

I write as counsel for Metzler Investment, GmbH ("Metzler"), for account of its funds MI-FONDS 208 and MI-FONDS 705, and Drywall Acoustic Lathing and Insulation Local 675 Pension Fund ("Local 675") (collectively, with Metzler, the "Movants") in response to the Court's request for supplemental information about four separate securities fraud class actions in which four District Courts appointed Metzler the Lead Plaintiff pursuant to the PSLRA.

Metzler argued in its submissions to this Court in this case that, among other things, it met the PSLRA standards for determining Lead Plaintiff status because it had suffered twice the financial losses of the competing movant, the Plumbers and Pipefitters National Pension Fund ("Plumbers"), and had previously been appointed Lead Plaintiff in four cases.

It is our understanding that the Court's request for supplemental information about those four cases arose from attacks the Plumbers launched against Metzler in its submissions to the Court and during oral argument, namely that: (1) Metzler does not have the largest financial loss because it does not actually "own" the underlying shares; (2) Metzler does not have the requisite authority to bring this suit and, for the same reason, lacks a sufficient interest in the litigation pursuant to Rule 17; (3) Metzler is subject to unique defenses because a German court would not respect the preclusive effect of any final judgment this Court enters; and (4) Metzler was geographically too remote.

**Milberg Weiss Bershad & Schulman LLP**
919 N. Market Square · Suite 980 · Wilmington, DE 19801 · 302-984-0597 · Fax 302-984-0870 · www.milbergweiss.com

NEW YORK    ·    BOCA RATON    ·    WILMINGTON    ·    WASHINGTON, D.C.    ·    LOS ANGELES



The Honorable Kent A. Jordan
November 4, 2005
Page 2

Seeking to negate the precedential effect of four District Court decisions appointing Metzler as Lead Plaintiff, counsel for the Plumbers stated during oral argument:

> MR. ROSENFELD: Well Your Honor, in those four or five cases, I think four of those five, the court entered an order either by stipulation of the parties or it was an unopposed motion and *these issues were not even raised*, and the fifth opinion, Your Honor, the order from the Court was simply an order appointing that Movant Metzler as a lead plaintiff, and there is no indication *these issues were discussed.* [sic] And that the Court considered them in appointing Metzler. And it happens often, Your Honor. If the Court is not made aware of certain arguments made against the movants, they'll just sign an order.

Transcript of Oral Argument on October 27, 2005 (36:20-37:5) (emphasis added) (attached as Exhibit A).

Unfortunately, it appears that counsel for the Plumbers was not candid with the Court. Based upon Movants' review of the docket sheets, Metzler's motions for appointment as Lead Plaintiff *were opposed* in two of the four cases, In re Corinthian Colleges Inc. Shareholder Litig., No. 04-CV-5025 (C.D. Cal. 2004), and South Ferry L.P. #2 v. Killinger, No. 2:04-CV-01599 (W.D. Wa. 2004). All four docket sheets are attached hereto as Exhibit B.

The Plumbers' counsel must have been aware of these facts from the outset. The Plumbers' counsel *in this case* opposed Metzler's appointment as Lead Counsel both in Corinthian and South Ferry and raised the *same arguments* in those cases as they did here including the naked, unsupported assertion that Metzler lacked the authority to bring suit. See Briefs filed in Corinthian and South Ferry attached respectively as Exhibits C and D. The briefs the Plumbers' counsel filed in Corinthian and South Ferry are virtually identical to the briefs filed in this case, right down to the same esoteric references made to the Declaration of Rolf Sturner. Compare Plumber's Opposition Br. (filed July 26, 2005) at 8-9 (D.I. No. 29) with Exhibit C at 6 n.3.

The true facts are that in Corinthian, the District Court appointed Metzler as the Lead Plaintiff in the face of the same arguments raised by the same opposing counsel in this case. Indeed, virtually conceding Metzler's suitability to serve as Lead Plaintiff, counsel for the Plumbers *withdrew* their opposition to the appointment of Metzler in South Ferry. See Exhibit B.[1]

\* \* \* \*

---

[1] Counsel for the Plumbers were admitted to practice before this Court pro hac vice submitting themselves to the Court's disciplinary authority. See D.I. Nos. 46, 48, and 49. Movants reserve all their rights in this regard.
    Milberg Weiss Bershad & Schulman LLP

The Honorable Kent A. Jordan
November 4, 2005
Page 3

In response to the Court's inquiry about the status of the four class action cases in which District Courts had appointed Metzler as Lead Plaintiff, there is nothing in the record to show that Metzler has ever been deemed to be an inadequate plaintiff or otherwise failed to vigorously pursue the best interests of the class (*see* Exhibit B):

> In re Levi Strauss & Co. Sec. Litig., 5:03-cv-05605-RMW (N.D. Cal. 2003) -- A motion to dismiss is fully briefed and currently pending.
>
> In re Corinthian Colleges Inc. Shareholder Litig., No. 04-CV-5025 (C.D. Cal. 2004) -- A Second Consolidated Amended Complaint was filed last month.
>
> South Ferry LP #2 v. Killinger, No. 2:04-CV-01599 (W.D. Wa. 2004) -- A motion to dismiss is fully briefed and pending.
>
> In re NVIDIA Corp. Sec. Litig., MDL No. 1512 (E.D. Tex. 2002) -- The litigation was dismissed in August 2003.

The true and accurate factual record coupled with the arguments and *evidence* Movants submitted in the record establish that they more than adequately meet the PSLRA Lead Plaintiff requirements. Accordingly, Movants respectfully request this Court grant their Motion For Appointment as Lead Plaintiffs and select Milberg Weiss Bershad & Schulman as Lead Counsel for the class.

Of course, counsel for the Movants are available to respond to any of the Court's questions.

Respectfully,

Seth D. Rigrodsky
(DSBA # 3147)

SDR:srs
cc:   **Via CM/ECF Electronic Service**
      Clerk of Court
      Carmella P. Keener, Esq.
      Paul Anthony Fioravanti, Jr., Esq.
      John D. Hendershot, Esq.

      **Via Regular U.S. Mail**
      All counsel on attached service list

DOCS\323414v3

Milberg Weiss Bershad & Schulman LLP

## Molson Coors Brewing Company

### SERVICE LIST

*Counsel for Plaintiffs:*

Eric J. Belfi
MURRAY FRANK & SAILER LLP
275 Madison Avenue
New York, NY 10016
Tel.: (212) 682-1818
Fax: (212) 682-1892


Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN, P.A.
The World Trade Center-Baltimore,
401 East Pratt Street, Suite 2525,
Baltimore, MD 21202
Tel.: (410) 986-0036


Marc A. Topaz
Richard Maniskas
Tamara Skvirsky
SCHIFFRIN & BARROWAY
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706

Elise J. Cohen
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
310.859.3100 (Tel)
310.278.2148 (Fax)

Stephen A. Weiss
Eric T. Chaffin
SEEGER WEISS LLP
One William Street
New York, NY 10004
Tel.: (212) 584-0700
Fax: (212) 584-0799


Michael Swick
LAW OFFICES OF MICHAEL A. SWICK
One William Street, Ste. 555
New York, NY 10004
Tel.: (212) 920-4310
Fax: (212) 584-0799


William S. Lerach
Darren J. Robbins
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619.231.1058 (Tel)
619.231.7423 (Fax)